FILED
 2010 Jun-14  PM 03:41
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **SIDNEY EADY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:10-CV-0107-SLB |
| | ) |
| **NAPOLEON FOLKS,** individually and | ) |
| in his official capacity as an officer of | ) |
| the Tuscaloosa County Jail; **TED** | ) |
| **SEXTON,** individually and in his | ) |
| official capacity as Sheriff of | ) |
| Tuscaloosa County; **TUSCALOOSA** | ) |
| **COUNTY,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is currently pending before the court on defendants' Motions to Dismiss, (docs. 2, 3, and 6),[1] and plaintiff's Motion to Amend, (doc. 14). Plaintiff, Sidney Eady, filed this action in the Circuit Court of Tuscaloosa County, Alabama, alleging defendants – Napoleon Folks, Ted Sexton, and Tuscaloosa County – violated his civil rights while he was incarcerated in the Tuscaloosa County Jail. (Doc. 1, Att. [Complaint].) Eady also alleges state-law causes of action for assault and battery, for negligent and/or wanton supervision, hiring and training, and for negligent and/or wanton refusal of medical treatment. (*Id.*) Defendants removed this action, (doc. 1), and filed Motions to Dismiss Eady's claims

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

pursuant to Fed. R. Civ. P. 12(b)(6), (docs. 2, 3, and 6). Thereafter, Eady filed a Motion for Leave to Amend. (Doc. 14.)

Upon consideration of the record, the parties' submissions, the arguments of counsel, and the relevant law, the court is of the opinion that Eady's Motion for Leave to Amend, (doc. 14), is due to be granted, Tuscaloosa County's Motion to Dismiss, (doc. 2), is due to be granted, Sexton's Motion to Dismiss, (doc. 3), is due to be granted in part and denied in part, and Folks's Motion to Dismiss, (doc. 6), is due to be granted in part and denied in part.

Plaintiff's Complaint contains the following claims against defendants:

| | |
|---|---|
| Count I | Civil Rights Action Against County[2] |
| Count II | Civil Rights Action Against Officer Napoleon Folks[3] |
| Count III | Civil Rights Action Against Sheriff Ted Sexton |
| Count IV | Assault and Battery |
| Count V | Deprivation of Civil Rights Under Color of State Law – 42 U.S.C. § 1985 – Conspiracy |
| Count VI | Deprivation of Civil Rights Under Color of State Law – 42 U.S.C. § 1986 – Neglect to Prevent Violation |
| Count VII | Negligent Supervision, Hiring, and Training |

---

[2] The "wherefore clauses" of Counts I-VII "demand[ ] judgment against each defendant, separately and severally." However, these Counts are not asserted against each and every defendant.

[3] Plaintiff also alleges this claim against "Fictitious Defendants." (Doc. 1, Att. (Complaint at 4).) "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Plaintiff's proposed Amended Complaint does not name any fictitious defendants. (*See* doc. 14, Ex. A.)

Count VIII    Refusal of Medical Treatment

(Doc. 1.) After defendants filed their Motions to Dismiss, plaintiff filed a Motion for Leave to Amend Complaint to "dismiss several counts and allegations, to provide more detailed facts regarding the incident, and to clarify the issues and grounds for liability." (Doc. 14 ¶ 1.) The proposed Amended Complaint contains a single claim against defendants Folks and Sexton for violation of plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. (*Id.*, Ex. A.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure requires the district court to "freely give leave [to amend the Complaint] when justice so requires."[4]  "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an

---

[4]Rule 15(a), "Amendments Before Trial," provides:

(1)  Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:

  (A)  21 days after serving it, or

  (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2)  Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2).

exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In other words, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981), *quoted in Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

The Supreme Court has held that "substantial reasons" to deny leave to amend include, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182. None of these reasons for denying leave to amend is present in this case; therefore, plaintiff's Motion for Leave to Amend, (doc. 14), will be granted. The proposed Amended Complaint, which does not include a number of claims asserted in the Complaint, has the effect of dismissing those claims.

In its Motion to Dismiss, (doc. 2), Tuscaloosa County contends that Eady's claims against it are due to be dismissed for the following reasons:

> The Plaintiff's complaint alleges that he was subjected to unreasonable force by a detention officer at the Tuscaloosa County Jail. In Count I of the complaint, the Plaintiff seeks to hold Tuscaloosa County responsible in this civil rights litigation under a theory of *respondeat superior*. Such a theory is not applicable in civil rights litigation.
>
> In Count VI of the Plaintiff's Complaint, he seeks to hold Tuscaloosa County liable under a claim brought pursuant to 42 U.S.C. § 1986. While the

> Defendant asserts that the Plaintiff's complaint does not contain sufficient detail to adequately make out a claim under §1986, the Plaintiff has also failed to timely file such a claim within the applicable statute of limitations.
>
> In Count VII of the plaintiff's complaint, he appears to seeks to hold Tuscaloosa County liable for "negligent supervision, hiring and training" of detention officers at the Tuscaloosa County Jail. The law is now well established that counties in Alabama have no responsibility with respect to the daily operation of county jails or supervision of inmates. The officers at the jail, like the Sheriff, are state officers.
>
> Finally, in Count VIII, the plaintiff seeks to hold Tuscaloosa County liable for "negligently and or wantonly fail[ing] to provide the Plaintiff with necessary medical treatment." Not only is the assertion patently false, but counties in Alabama are not responsible for assuring procedures are in place for inmates to get medical care.

(Doc. 2 at 1-2.)

In response to the Motion to Dismiss filed by Tuscaloosa County, Eady concedes "that under applicable law [Tuscaloosa County] cannot be held liable for damages complained of in plaintiff's complaint," and he "agrees to dismiss Tuscaloosa County." (Doc. 12.) His proposed Amended Complaint does not include any claims against the County. (*See* doc. 14, Ex. A.)

Eady's decision not to include any claims against Tuscaloosa County in his Amended Complaint has the effect of dismissing his claims against Tuscaloosa County. Although dropping a claim by amending the complaint or voluntarily dismissing a defendant pursuant to Fed. R. Civ. P. 41(a) does not constitute a decision on the merits under most

5

circumstances,[5] in this case Eady has admitted that his claims against Tuscaloosa County are without merit and due to be dismissed.  Therefore, the court will grant Tuscaloosa County's Motion to Dismiss, (doc. 2), and dismiss the claims against the County with prejudice.

**2. Napoleon Folks**

Folks contends that Eady's claims against him are due to be dismissed because (1) "As an executive officer of the State of Alabama, Officer Folks is immune from suit in his official capacity;" (2) "Officer Folks is entitled to qualified immunity in his individual capacity;" and (3) "plaintiff's attempt to assert a claim under 42 U.S.C. § 1985 must fail . . . because the plaintiff is not part of any protected class."  (Doc. 6 at 1-2.)

Through his proposed Amended Complaint, Eady has voluntarily dismissed all claims against Folks in his official capacity and all claims against him in his individual capacity except for his § 1983/Eighth Amendment claims based on excessive force and deliberate indifference to a serious medical need.  (*See* doc. 14, Ex. A.)  Therefore, Folks's Motion to Dismiss, (doc. 6), will be granted as to all claims except the § 1983/Eighth Amendment claims.  Folks's Motion to Dismiss, (doc. 6), will be denied as to Eady's § 1983 claim; the denial will be without prejudice to Folks's right to move to dismiss Eady's Amended Complaint.

---

[5]"Unless the plaintiff's motion or the district court's order stipulates otherwise, a claim dropped through a Rule 15 amendment – or, for that matter, an action dropped pursuant to Rule 41(a) – is dismissed without prejudice." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1107 (11th Cir. 2004).

### 3. Ted Sexton

Defendant Sexton contends that all claims against him are due to be dismissed for the following reasons:

> 1. As an executive officer of the State of Alabama, Sheriff Sexton is immune from suit in his official capacity.
>
> 2. Sheriff Sexton is entitled to qualified immunity in his individual capacity.
>
> 3. Plaintiff's § 1986 claim is barred by the statue of limitations.

(Doc. 3 at 1-2.)

Through his proposed Amended Complaint, Eady has voluntarily dismissed all claims against Sexton in his official capacity and all claims against Sexton in his individual capacity except for his § 1983/Eighth Amendment claim. Therefore, Sexton's Motion to Dismiss, (doc. 3), will be granted as to all claims except the § 1983/Eighth Amendment claim. Sexton's Motion to Dismiss, (doc. 3), will be denied as to Eady's § 1983 claim; the denial will be without prejudice to Sexton's right to move to dismiss Eady's Amended Complaint.

**DONE**, this 14th day of June, 2010.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE